In the Matter of the Arbitration between FINSILVER, STILL & Moss, INC., Respondent, and ELIAS JANAN, INC., Appellant.

First Department, June 8, 1928.

*Clarence W. Roberts*, for the appellant.

*Joseph Dannenberg*, for the respondent.

PROSKAUER, J. A contract was made between appellant and respondent. The only term thereof contained in this record is a general arbitration clause. After some dispute the parties agreed to submit their controversy to arbitration. A written submission was prepared. It was signed by only one party and acknowledged by neither. After an award was made by the arbitrator, the respondent moved for judgment thereon. On this motion the appellant defaulted and judgment was entered. Thereafter the appellant moved to vacate this judgment and from the order denying this motion appeals. The justice at Special Term held that the appellant was without remedy because he was still in default and that he was required to move successfully to open his default before he could get relief. This conclusion would be correct if the court ever had jurisdiction. It is erroneous if the court was without jurisdiction. A party is not required to move to open a default in a proceeding which is not properly before the court. The primary question here, therefore, is whether the jurisdictional prerequisites are lacking. Apparently the parties relied upon the submission and not upon the arbitration clause in the contract as the basis of the court's jurisdiction. The award itself specifically refers to the submission, and inasmuch as the submission is not acknowledged and is signed by but one party, it can of course give no basis for jurisdiction. (See Civ. Prac. Act, § 1449.) The respondent now claims, however, that the general arbitration clause warranted the court in assuming jurisdiction. The difficulty with this claim is that the contract is not before the court and we are wholly unable to determine that it refers to the subject-matter described in the submission. We can find, therefore, no basis for the assumption of jurisdiction by the court.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the judgment granted, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.